

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

February 1, 2021

**Via ECF**
The Honorable Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Ramos v. Lorimer Pizza LLC, et al.**
**20-CV-3243 (LB)**

Dear Judge Bloom:

Our office represents the Plaintiff in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their court-annexed mediation sessions held on November 18, 2020 and January 7, 2021.

**Settlement Terms**

The parties reached a settlement to resolve all claims asserted in this matter for $40,000.00, including attorneys' fees (which are addressed below). The parties reached this settlement with the assistance of the EDNY court-annexed mediation program and after approximately five hours of negotiation over two separate mediation sessions.

**Plaintiff's Position**

Plaintiff Carlos Ramos ("Plaintiff") brought this against Lorimer Pizza LLC and George Tagaris ("Defendants") alleging violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Plaintiff was employed by Defendants from in or around October 2018 until in or around January 2020. Plaintiff alleged that during his employment, he was required to regularly work approximately sixty (60) hours per week. Plaintiff alleged that he was paid a flat weekly rate of $750.00 which did not account for approximately twenty (20) hours of overtime per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL").

Plaintiff also claimed violations under the NYLL for Defendants' failure to compensate Plaintiff with spread of hours pay when he worked in excess of ten (10) hours per day and for their failure to provide wage statements and wage notices as required by law.

Although Plaintiff was confident that he could succeed on all of his claims at trial, his preference was a guaranteed payment through a court-approved settlement agreement. In accepting the Defendants' offer, Plaintiff took into account the defenses raised by Defendants, Defendants' financial situation and the ability to collect on a larger judgment should the matter have proceeded to trial, and the timing of a payment in the near future as opposed to the uncertainty of a trial at a much later date.

**The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted).

The parties have agreed to settle all claims asserted in this matter for $40,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved with back-and-forth negotiations following a court-annexed mediation. The parties had genuine, bona fide disputes over the dates of Plaintiff's employment, the number of hours worked by Plaintiff and the wages paid to Plaintiffs, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $40,000.00 in one installment on or before April 7, 2021.

Plaintiff will recover $26,115.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with his retainer agreement with Plaintiff's counsel. Plaintiff's counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $828.00, for identifiable expenses, which include the Eastern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, PM Legal LLC ($128.00), and the cost of the EDNY court-annexed mediation ($300.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $13,885.00.

**Settlement Amount:** $40,000.00
**Attorneys' Expenses:** $828.00
**Settlement less Expenses:** $39,172.00
**Requested Attorneys' Fees:** $13,057.00 ($39,172.00 / 3)
**Total payable to Attorneys:** $13,885.00 ($13,057.00 + $828.00)
**Total payable to Plaintiff:** $26,115.00 ($40,000.00 - $13,885.00)

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Furthermore, the Agreement was drafted by experienced counsel and does not include a confidentiality clause or an overreaching release that would otherwise prevent the Court from approving the Agreement.

In closing, the parties respectfully submit that the Agreement is fair and reasonable, and therefore request that the Court approve or so order the Agreement.

Respectfully submitted,

__/s/_____
James O'Donnell, Esq.