UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS RAMOS,

                Plaintiff,                          **ORDER**
                                                                   **20 CV 3243 (LB)**

  -against-

GEORGE TAGARIS, and LORIMER PIZZA, LLC,

                Defendants.
------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff Carlos Ramos brings this action against defendants George Tagaris and Lorimer Pizza, LLC[1] alleging that defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay overtime wages and spread of hours pay, and failing to provide wage statements and notices. ECF No. 16 [hereinafter "Settl. Mot."]. The parties now move for Court approval of their settlement.[2] Id. For the reasons set forth below, the settlement agreement is approved as fair and reasonable.

## PROCEDRUAL HISTORY

        Plaintiff commenced this action by filing his complaint on July 7, 2020 and an amended complaint on September 17, 2020. ECF No. 9. On September 21, 2020 the parties filed a joint motion requesting mediation. ECF No. 11. The motion was granted and a mediator was selected on October 1, 2020. See Docket Entry 10/01/2020. Defendants filed their answer to the amended complaint on November 11, 2020. ECF No. 12. On January 11, 2021, the parties filed a status report alerting the Court that they had reached a settlement in principle, ECF No. 13, and on February 2, 2021, moved for Court approval of their settlement agreement. ECF No. 16.

---

[1] Plaintiff filed his initial complaint against defendants George Tagaris and Moe & Joe Corp., ECF No. 1, but his amended complaint named Tagaris and Lorimer Pizza, LLC as the proper defendants. ECF No. 9.
[2] The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c). ECF No. 15.

1

## DISCUSSION

**I**. **Approval of the Settlement**

    A.  <u>Standard for Approving FLSA Settlements</u>

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues[.]" <u>Kochilas v. Nat'l Merchant Servs., Inc.</u>, No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations and internal quotation marks omitted); <u>see also</u> <u>Fisher v. SD Protection Inc.</u>, 948 F.3d 593, 600 (2d Cir. 2020) (noting that district courts "typically evaluate the fairness of a settlement agreement by considering the factors outlined in <u>Wolinsky</u> . . . "). Furthermore, courts in this Circuit have rejected restrictive confidentiality provisions and overbroad liability releases in FLSA settlement agreements. <u>Souza v. 65 St. Marks Bistro</u>, No. 15 CV 327, 2015 WL 7271747, at *3-5 (S.D.N.Y. Nov. 6, 2015) (collecting cases). "When presented with a settlement for

2

approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher, 948 F.3d at 606 (citation omitted).

### B. The Settlement is Fair and Reasonable

Under the terms of the parties' settlement agreement, defendant agrees to pay the plaintiff $40,000.00, inclusive of $13,885.00 in attorney's fees and costs. Plaintiff will receive $26,115.00. See Settlement Agreement, ECF No. 16 Ex. 1., [hereinafter "Settle. Ag. or "Agreement"]. All payments are due on or before April 7, 2021. Id. ¶ 1.a.

Plaintiff's counsel reports that the parties reached this agreement by participating in the Court-annexed mediation program, after approximately five hours of negotiation over two mediation sessions. Settl. Mot. While plaintiff believes he could prevail on all of his claims at trial and recover much more, both parties agree this settlement is a fair resolution in this case because there exists a bona fide dispute as to the dates of plaintiff's employment, the number of hours worked, and the wages owed to plaintiff. Id.

Having reviewed the record in this case, I conclude that plaintiff's recovery is reasonable under the instant circumstances. The parties assert a bona fide dispute regarding the dates of employment and hours worked and therefore the amount of compensation plaintiff is due. The settlement provides plaintiff with the certainty of a payment in the near future, as opposed to the uncertainty of a trial at a much later date. Because the parties reached a settlement prior to the start of formal discovery, the parties avoided the burdens and costs of completing discovery, motion practice, and trial preparation. See Reyes v. Buddha-Bar NYC, No. 08 CV 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (citation omitted) (approving FLSA settlement and noting how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation."). The parties' settlement is the product of arm's-length negotiations between counsel with the benefit of oversight by an experienced mediator, and the

record does not reflect fraud or collusion. See Vidal v. Eager Corp., No. 16 CV 979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) ("The terms of the Settlement in this case were hammered out during mediation, which suggests both that the provisions are the product of arm's length bargaining and that there is a reduced risk of collusion between the plaintiff[']s attorney and defense counsel."). Taking into account the parties' genuine disputes as to hours worked and compensations owed in this case, I find that plaintiff's recovery is fair and reasonable.

In addition, the Agreement does not contain any terms that would preclude approval. For example, the Agreement does not contain a confidentiality provision or a non-disparagement clause. Nor is the provision releasing the defendants overly broad. The Agreement only releases defendants from "causes of action and claims which were alleged in the Complaint filed in the action . . . which Plaintiff now has or ever had." Settl. Ag. ¶ 2. See Lopez v. Poko St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (citation omitted) ("[A] number of judges in this [Circuit] refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'").

I also find that the fee award is reasonable. The Court evaluates the reasonableness of the attorney's fee to ensure that the simultaneous negotiation of the settlement of plaintiff's claims and the attorney's fee does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336. Although "there is a greater range of reasonableness" when the parties agree to a fee amount through negotiation, the Court nonetheless "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Id. (citation and internal quotation marks omitted). A "fee applicant must submit adequate documentation supporting the requested attorney's fees and costs," and the Court reviews the contemporaneous time records to assess the reasonableness of the proposed fees. Fisher, 948 F.3d at 600, 606 (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)); Lopez, 96 F. Supp. 3d at 181 (citation omitted) ("[A] proper fee

4

request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'"). The plaintiff's retainer in this case agreed to an attorney's fee of 33.33% of the net settlement payment, after reimbursement for costs incurred by counsel are deducted.[3] See Settl. Mot. This fee arrangement is routinely approved by courts in this Circuit. See, e.g., Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09 CV 486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); Palacio v. E*Trade Financial Corp., No. 10 CV 2030, 2012 WL 2384419, at *6 (S.D.N.Y June 22, 2012) (approving attorneys' fee award representing one-third of the settlement, noting "the percentage-of-recovery method [ ] is consistent with the trend in this Circuit" (quotation omitted)). Having viewed plaintiff's counsels' detailed time records, I find that the fee of $13,885.00, including $828.00 of costs, is fair and reasonable.[4]

## CONCLUSION

Accordingly, the parties' instant motion for settlement is approved. The Clerk of Court shall close this case.

SO ORDERED.

/s/
LOIS BLOOM
United States Magistrate Judge

Dated: February 25, 2021
        Brooklyn, New York

---

[3] Plaintiff's counsel incurred costs for the EDNY filing fee, service on defendants, and mediation, totaling $828. Settl. Mot.
[4] As the fee is one-third of the settlement, I need not address plaintiff's counsels' stated hourly rates of $425 for Mr. Avshlumov and $250 for Mr. O'Donnell, or whether such amounts could be approved by the Court in light of Simmons v. New York Transit Authority, 575 F.3d 170 (2nd Cir. 2009).